FILED

2023 Apr-25  PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH W. McELROY, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-1661-GMB |
| | ) | |
| PROGRESSIVE DIRECT | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiffs Reginald J. White, Jr. and Elizabeth W. McElroy, as personal representative of the estates of minors R.J.W. III, R.N.W., and M.D.T., filed a complaint in the Circuit Court of Jefferson County, Alabama against Progressive Direct Insurance Company. Doc. 1-1 at 3–6. Progressive removed the complaint pursuant to this court's diversity jurisdiction. Doc. 1. Now pending is Progressive's Motion for Summary Judgment. Doc. 16. The motion has been fully briefed (Docs. 17, 22 & 23) and is ripe for decision. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8. For the following reasons, the motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Indeed, the nonmovant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation mark omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

When a district court considers a motion for summary judgment, it "must view

all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the nonmovant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Ed. for Bibb County*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted). Importantly, if the nonmovant "fails to adduce evidence which would be sufficient . . . to support a jury finding for [the nonmovant], summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

## II.  STATEMENT OF FACTS

This case arises out of a tragic accident.  On May 29, 2021, White and the minor plaintiffs were passengers in an automobile involved in a single car accident. Doc. 1-1 at 4–5.  The driver and the minor passengers drowned after the vehicle ran off the road, collided with a guardrail, overturned, and rolled into the Coosa River. Doc. 1-1 at 4–5.  Only White survived. Doc. 1-1 at 5.

3

At the time of the accident, Progressive insured the vehicle under a policy issued to White. *See* Doc. 17-5.  The policy covered bodily injury up to $25,000 per person with a $50,000 cap per accident. Doc. 17 at 2.  Progressive tendered the full amount of bodily injury coverage to the plaintiffs. Doc. 17-9 at 1–7.  Afterwards, the plaintiffs demanded an additional $150,000 in uninsured/underinsured motorist ("UM/UIM") coverage under the policy. Doc. 17-4 at 1.

Progressive denied the claim. Doc. 17-8.  Because an insurance policy covered the vehicle involved in the accident, Progressive concluded that it did not meet the definition of an "uninsured motor vehicle." Doc. 17-8.  The policy language at issue falls under the heading of "Uninsured/Underinsured Motorist Coverage" and states:

> If you pay the premium for this coverage, [Progressive] will pay for damages that an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
>
> 1.    Sustained by an insured person;
> 2.    caused by an accident; and
> 3.    arising out of the ownership, maintenance or use of an uninsured motor vehicle.

Doc. 17-2 at 13.  The coverage provisions include additional definitions. Doc. 17-2 at 13.  Within those additional definitions, the policy states that "[a]n uninsured motor vehicle does not include any vehicle or equipment . . . that is a covered auto." Doc. 17-2 at 14.  The policy then defines "covered auto" as "any auto or trailer shown on the declarations page for the coverages applicable to that auto or trailer."

4

Doc. 17-2 at 4.  The declarations page, in turn, names the car involved in the accident. Doc. 17-1 at 2.

After Progressive denied the claim, the plaintiffs filed their complaint against Progressive asserting claims for breach of contract[1] and bad faith. Doc. 1-1 at 3–9. They contend that Progressive breached the insurance contract when it refused to provide benefits under the UM/UIM provision of the policy. Doc. 1-1 at 6–8.  They also allege that Progressive's denial of their claim amounts to bad faith because it "knew of the facts which would justify the payment" under the UM/UIM provision or it "intentionally failed to determine whether or not a lawful basis or reasonable justification to deny such proceeds existed." Doc. 1-1 at 5.

### III.  DISCUSSION

Progressive moves for summary judgment and contends that the plaintiffs are not entitled to UM/UIM coverage under the terms of the insurance policy. Doc. 17. The plaintiffs respond that the UM/UIM provision is void because it conflicts with the Alabama Uninsured Motorist Statute, Alabama Code § 32-7-2. Doc. 22 at 4. Because Alabama law squarely forecloses this argument, the motion for summary judgment is due to be granted.

In *Ex parte O'Hare*, 432 So. 2d 1300, 1301 (Ala. 1983), the Alabama Supreme

---

[1] The complaint asserts a third cause of action designated as an "underinsured motorist claim" but this amounts to only a restatement of the breach of contract claim. Doc. 1-1 at 7–9.

Court affirmed the Alabama Court of Civil Appeals' determination "that the exclusion of an 'insured motor vehicle' from the definition of 'uninsured motor vehicle' . . . was not void and unenforceable as an attempt to restrict the uninsured motorist coverage of the Alabama Uninsured Motorist Statute."   In *O'Hare*, the plaintiff's wife, who was a passenger in her own car driven by a non-party, died after a single-car accident. *Id*.   State Farm insured the car, but the driver did not have insurance. *Id*.   The plaintiff sued State Farm under the uninsured motorist provisions of the State Farm policy. *Id*.   But the State Farm policy stated that "the term uninsured motor vehicle shall not include: (i) a vehicle defined herein as an insured motor vehicle." *Id*. at 1303.   Because the vehicle in the accident fell within the exclusion, the trial court granted summary judgment for State Farm. *Id*. at 1301.

The Alabama Court of Civil Appeals affirmed. *O'Hare v. St. Farm Mut. Auto Ins. Co.*, 432 So. 2d 1294 (Ala. Civ. App. 1982).   The court framed the issue presented as "whether the policy exclusion of an 'insured motor vehicle' from the definition of an 'uninsured motor vehicle' is void and unenforceable as an attempt to restrict the uninsured motorist coverage of the Alabama Uninsured Motorist Statute." *Id*. at 1295.   The court concluded that the exclusion was not void under the statute. *Id*. at 1296–97 (citing *Lammers v. St. Farm Mut. Auto. Ins. Co.*, 261 So. 2d 757, *cert. denied*, 261 So. 2d 766 (1972); *Byrd v. Ala. Farm Bureau Mut. Cas. Ins. Co.*, 366 So. 2d 1108 (Ala. 1979); *Mathis v. Auto-Owners Ins. Co.*, 387 So. 2d 166

(Ala. 1980)).

The Alabama Supreme Court agreed.  The Supreme Court found that "the recognized 'rule [invalidating policy provisions more restrictive than the uninsured motorist statute] is inapplicable . . . where the claimant has no statutory right to uninsured motorist coverage.'" *Ex parte O'Hare*, 432 So. 2d at 1303.  This was because Alabama Code § 32-7-23 "'necessarily contemplates that the motorist against whom liability is sought to be imposed is operating an uninsured vehicle.'" *Id.* (quoting *Watts v. Preferred Risk Mutual Ins. Co.*, 423 So. 2d 171, 175 (Ala. 1982)).  Because the car involved in the accident was not an uninsured vehicle under the policy and the exclusion did not run afoul of public policy, the Alabama Supreme Court affirmed the denial of UM/UIM coverage. *Id.* at 1301 & 1303.

Here, the result is the same.  The facts are indistinguishable from the facts in *O'Hare*.  In both cases, the passenger-plaintiffs were involved in single car accidents in insured cars while the drivers were uninsured or underinsured.  Both automobiles were covered by liability insurance policies, and the UM/UIM motorist provisions in both policies excluded coverage for any insured or covered automobile.  The Alabama Supreme court in *O'Hare* rejected the identical argument the plaintiffs make here for why Alabama law voids such an exclusion.  Because *O'Hare* controls, summary judgment is due to be granted in Progressive's favor on the breach of contract claim.  Alabama law requires proof of a breach of contract for a plaintiff to

succeed on a bad faith claim, *see St. Farm Fire & Cas. Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013), so Progressive also is due summary judgment on the plaintiffs' claim of bad faith.

## IV.  CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Doc. 32) is due to be granted.  A separate order will be entered.

DONE and ORDERED on April 25, 2023.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE